This is a suit brought by plaintiff to recover certain damages alleged to have been *Page 163 
sustained by himself and two other parties who have assigned their claims to him, for wrongful and forced eviction and dispossession of three rooms which they were renting from the defendant in a certain house in the City of DeRidder, Louisiana. Plaintiff claims that he and one of his assignors had paid their rent of $2 each for a month in advance, on February 13, 1941, and that his other assignor, by arrangement made with the defendant, paid by the week and that the rent due for the week ending February 21, 1941, was not due until that date.
The alleged forceful eviction is said to have taken place when, on the morning of February 17, 1941, while plaintiff and his assignors were occupying the said rooms, the defendant, through her agents, representatives and employees, and without notice to them, came upon the premises and began to demolish and tear down the house by removing the roof from over their said rooms.
The total amount of damages claimed, as itemized, is $519, although judgment is prayed for in the sum of $514. Of that total amount, $500 is for the inconvenience, humiliation, embarrassment and mental worry suffered by all three of the parties, $15 for damage to plaintiff's bedding, furniture and clothing and $4 for the rent paid in advance by plaintiff and one of his assignors.
The defendant for answer denied all the allegations made by the plaintiff and also that she had caused him and his alleged assignors any damage. She averred that they had not paid the rent due by them as alleged and that they had been given repeated notices to vacate. She alleged further that the building was not demolished in any way to injure or disturb them in their peaceful possession or cause them damage and that the tin roof which lay over a shingle roof on the house had been removed by Johnny Mangano without her authority.
Those are the issues, apparently, on which the case was tried in the lower court and on which the district judge decided in favor of the plaintiff awarding him the sum of $16 in damages. Not satisfied with the amount of the award, he took an appeal and is seeking to have it increased to the original amount of his demand. Defendant has not answered the appeal, so the only matter to be reviewed is the quantum of damages.
The judgment itself does not indicate what the damages allowed were for but a minute entry contains the statement that of the $16 the sum of $6 was for actual damage and the remaining $10 was "for other damage."
The first items of damage claimed are for the monthly rent of $2 alleged to have been paid in advance by the plaintiff and also by one of his assignors, Babe Harris. The proof with regard to these payments having been made in advance, in which event of course the amounts could be recovered, is very indefinite. Both these parties testified that the rent was usually paid to the defendant's daughter from whom they obtained receipts or acknowledgments written by a colored girl who worked in the defendant's store. Plaintiff produced a small notebook which he contends showed the record of his payments. Whilst this book contains four entries showing payments amounting to $6 and the first entry bearing no date, there is a notation of a payment of $2 for "November to December." The next entry was a payment of $1 on January 15, 1941, the next $1 on January 17, 1941, and the last, $2 on February 13, 1941. The girl who made the entries was called as a witness by plaintiff but she was unable to state whether they indicated that the payments had been made in advance or not. The testimony concerning payments made by Babe Harris is even less satisfactory than that of the plaintiff and we therefore conclude that on this item, plaintiff is not entitled to recover anything.
The next item is one for $15 for damage to plaintiff's furniture, bedding, linen and clothing, on which there is no specific proof beyond plaintiff's mere statement that "he had to get things cleaned up" and hired a woman named Minnie Lee Landry to do the cleaning for him and who charged him $4, as we understand his testimony, $2 being for cleaning quilts and $2 for cleaning mattresses. He says he had to pay 25¢ a piece to have sheets washed but does not state how many sheets there were. It may be pertinent to observe in this connection that in their brief his counsel concede that on this item, plaintiff's loss was of no consequence and they rather stress the importance of the *Page 164 
demand for damages for humiliation, embarrassment and mental worry.
With regard to such damages in cases like this, the fixing of an award is always a rather difficult task. The circumstances attending the eviction, the trouble and inconvenience the evicted tenant is put to as well as the humiliation and embarrassment he is subjected to are all elements which have to be taken into consideration. Whilst the defendant, through her son, Johnny Mangano, who may be said to have been her agent or representative, acted somewhat arbitrarily, the tenants do not seem to have suffered much inconvenience. Considering the amount of rent they paid, the accommodations furnished them could not have been of a very good class. Indeed, it appears that the building was being demolished by the defendant because it had been condemned by the City authorities. There must have been a certain amount of humiliation suffered by these men, however, in being forced to leave their rooms in the manner brought about by the defendant and for which, we believe, an award of $25 instead of the one allowed by the trial judge should be made. The proof not being found sufficient to establish damages on the other items, none will be allowed.
It is, for the reasons stated, now ordered that the judgment appealed from be amended by increasing the amount of the award from the sum of $16 to the sum of $25, and that as thus amended, it be affirmed at the costs of the defendant, appellee herein.